UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUKE DIALS,

    Plaintiff,

Case No. 24-    -CV
Hon.

*Jury Trial Demanded*

-vs-

PRESIDENT INC.,
and VADIM CRUDU,

    Defendants.

---

NORA Y. HANNA (P80067)
DAVID E. CHRISTENSEN (P45374)
CHRISTENSEN LAW
Attorneys for Plaintiff
25925 Telegraph Road, Suite 200
Southfield, MI  48033
(248) 213-4900/Fax (248) 213-4901
nhanna@davidchristensenlaw.com

---

## COMPLAINT

**NOW COMES** Plaintiff, LUKE DIALS, by and through his attorneys, CHRISTENSEN LAW, and for his Complaint and Jury Demand against the above-named Defendants, hereby states as follows:

### GENERAL ALLEGATIONS

1. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

2. At all relevant times, Plaintiff, LUKE DIALS, is a resident of City of Indianapolis, State of Indiana at the time of the crash.

3. At all relevant times, Defendant, PRESIDENT INC., is an Illinois corporation headquartered in Orland Park, Illinois at the time of the crash.

4.  At all relevant times, Defendant, VADIM CRUDU (hereinafter referred to as "CRUDU") was a resident of Orland Park, Illinois at the time of the crash.

5.  This matter arises out of a semi-truck crash that occurred within the confines of the Township of Paw Paw, County of Van Buren, State of Michigan, on Highway M-61 near Red Arrow Highway, on or about December 23, 2022, at 4:12 p.m.

6.  That the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars exclusive of interest, costs and attorney fees and is otherwise within the jurisdictional limits of this Court.

7.  That venue and jurisdiction are properly vested in this Court.

**OWNERSHIP AND OPERATION OF INVOLVED VEHICLE**

8.  Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

9.  On December 23, 2022, at approximately 4:12 p.m., Plaintiff, LUKE DIALS, was the operator of a 2023 Volvo semi-truck, bearing the Indiana license plate 3264564.

10.  At the same date and time as indicated in Paragraph 9, Defendant, CRUDU, was the operator of a 1997 Freightliner semi-truck/trailer, bearing Illinois vehicle registration P911666, VIN #1FUYSDZB2VL839297, owned by Defendant, PRESIDENT INC.

**COMMON FACTUAL ALLEGATIONS**

11.  Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

12.  On December 23, 2022, at approximately 4:12 p.m., Plaintiff, LUKE DIALS was travelling north on M-51 Highway approaching the intersection of Red Arrow Highway in Paw Paw, Michigan.

13. At the same time, Defendant, CRUDU, was traveling northbound on M-51 Highway approaching the intersection of Red Arrow Highway in Paw Paw, Michigan, as well, behind Plaintiff, LUKE DIALS's vehicle.

14. At all relevant times, Defendant, CRUDU, drove his semi-truck/trailer without caution, failed to stop for the traffic ahead of his vehicle, and rear-ended the vehicle containing Plaintiff, LUKE DIALS, causing him to sustain serious and permanent injuries.

15. At all relevant times, Defendant, CRUDU, negligently operated his semi-truck/trailer and failed to watch the existing road conditions.

16. Defendant, CRUDU, was issued a hazardous action for "unable to stop" as a result of this collision.

17. At all times relevant hereto, Defendant, CRUDU, drove carelessly, recklessly, and negligently, and caused severe injury to Plaintiff.

18. At all times relevant hereto, Defendant, CRUDU, should have seen and negligently failed to see and react to traffic prior to the collision.

19. At all times relevant hereto, Defendant, CRUDU, drove carelessly when he failed to maintain control of his vehicle prior to collision.

20. At all times relevant hereto, Defendant, CRUDU, drove recklessly when he failed to maintain control of his vehicle and stop for the traffic ahead of him.

21. As a result of Defendant, CRUDU'S, negligent and/or grossly negligent operation of his motor vehicle, the Plaintiff, LUKE DIALS, suffered significant, serious, and permanent injuries, resulting in physical difficulties to date, and caused serious impairment of a body function and permanent disfigurement as contemplated under MCL §500.3135.

22. Plaintiff, LUKE DIALS did not engage in any negligent conduct in this matter and are not comparatively negligent.

## COUNT I
## NEGLIGENCE
## DEFENDANT CRUDU

23. Plaintiffs hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

24. At all times relevant hereto, and pursuant to Michigan Law, Defendant, CRUDU, owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff, LUKE DIALS, which includes but is not limited to, the duty to obey all laws, statutes, and local ordinances, while operating a motor vehicle on public roads.

25. At all times relevant hereto, Defendant, CRUDU, had a duty to act as a reasonably careful person would act under the same or similar circumstances as existed at the time of the above-described collision, and particularly, a duty to operate his vehicle in a manner so as not to inflict injury upon others and, specifically, upon Plaintiff, LUKE DIALS.

26. At all times relevant hereto, Defendant, CRUDU, owed Plaintiff the following duties in particular, including but not limited to, and breached the same by doing the following:

   a. Driving without due care and caution and in a manner that endangered individuals, specifically, Plaintiff LUKE DIALS;

   b. Failing to operate a motor vehicle upon the highway at a speed not greater than would permit a reasonable stop in violation of MCL §257.627(1);

   c. Failing to stop or obey a traffic control devise in violation of MCL §257.611;

   d. Failing to observe traffic and becoming distracted while driving upon a public roadway in Michigan in violation of MCL §257.602b;

4

    e. Failing to keep a sharp and careful lookout and to be attentive to existing traffic conditions in violation of MCL §257.627;

    f. Driving on a public highway in willful and wanton disregard for the safety of others in violation of MCL §257.627;

    g. Failing to maintain control of the vehicle in violation of MCL §257.626b;

    h. Failure to pay attention to the roadway in violation of MCL §257.626b;

    i. Failure to observe and react to traffic conditions, in violation of MCL §257.626b;

    j. Failure to take evasive action so as to avoid a collision in violation of MCL §257.626b;

    k. Driving in a careless and/or distracted manner in violation of MCL §257.626b;

    l. Failing to drive as a reasonable and prudent person would under same or similar circumstances in violation of MCL §257.627(1);

    m. Driving in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury results in violation of MCL §257.626;

    n. Failing to drive with due care and/or caution as required under the circumstances in violation of MCL §257.627(1);

    o. Failing to obey all applicable statutes and/or city ordinances;

    p. All other breaches of duty identified by Defendant, CRUDU, in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

    q. Any and all other breaches that become known through litigation.

27. The Defendant, CRUDU, was further negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan, as amended, and ordinances of the Township of Moran, County of Mackinac, State of Michigan.

28. As a direct and/or proximate cause of Defendant, CRUDU's, negligence, as set forth herein, Plaintiff, LUKE DIALS, suffered the following injuries and damages to wit:

   a. Injury and pain to his neck;

   b. Injury and pain to his shoulders;

   c. Injury and pain to his back;

   d. Injury and pain to his spine;

   e. Sleep disturbances;

   f. Mood changes;

   g. Pain and suffering;

   h. Need for emergency medical treatment;

   i. Need for hospitalization;

   j. Need for therapies;

   k. Need for continued medical care, procedures and treatment;

   l. Denial of social pleasures and enjoyments;

   m. Loss of income and/or earning capacity;

   n. Embarrassment, humiliation, and mortification;

   o. Emotional distress, anxiety, mental anguish, fright, and shock;

   p. Serious impairment of a bodily function pursuant to MCL §500.3135;

   q. Permanent serious disfigurement pursuant to MCL §500.3135;

   r. Any and all other damages which may become known throughout the passage of time and/or the course of discovery; and

   s. Any and all other damages allowed under Michigan Law.

29. Prior to the occurrence of this collision, Plaintiff, LUKE DIALS, was a reasonably strong and healthy person who engaged in the normal activities of life.

**WHEREFORE**, Plaintiff, LUKE DIALS, respectfully requests judgment in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT II
## GROSS NEGLIGENCE
## DEFENDANT CRUDU

30. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

31. At all times relevant hereto, and pursuant to Michigan Law, Defendant, CRUDU, owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff, LUKE DIALS, which include, but is not limited to, the duty to obey all laws, statutes, and local ordinances, while operating a motor vehicle on public roads.

32. At all times relevant hereto, Defendant, CRUDU, had a duty to act as that would demonstrate a concern for whether injury would result person would act under the same or similar circumstances as existed at the time of the above-described collision, and particularly, a duty to operate her vehicle in a manner so as not to inflict injury upon others and, specifically, upon Plaintiff, LUKE DIALS.

33. At all times relevant hereto, Defendant, CRUDU, owed Plaintiffs the following duties in particular, including but not limited to, and breached the same by doing the following:

   a. Driving without due care and caution and in a manner that endangered individuals, specifically, Plaintiff, LUKE DIALS;

b. Failing to operate a motor vehicle upon the highway at a speed not greater than would permit a reasonable stop in violation of MCL §257.627(1);

c. Failing to stop or obey a traffic control devise in violation of MCL §257.611;

d. Failing to observe traffic and becoming distracted while driving upon a public roadway in Michigan in violation of MCL §257.602b;

e. Failing to keep a sharp and careful lookout and to be attentive to existing traffic conditions in violation of MCL §257.627;

f. Driving on a public highway in willful and wanton disregard for the safety of others in violation of MCL §257.627;

g. Failing to maintain control of the vehicle in violation of MCL §257.626b;

h. Failure to pay attention to the roadway in violation of MCL §257.626b;

i. Failure to observe and react to traffic conditions, in violation of MCL §257.626b;

j. Failure to take evasive action so as to avoid a collision in violation of MCL §257.626b;

k. Driving in a careless and/or distracted manner in violation of MCL §257.626b;

l. Failing to drive as a reasonable and prudent person would under same or similar circumstances in violation of MCL §257.627(1);

m. Driving in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury results in violation of MCL §257.626;

n. Failing to drive with due care and/or caution as required under the circumstances in violation of MCL §257.627(1);

o. Failing to obey all applicable statutes and/or city ordinances;

8

  p. All other breaches of duty identified by Defendant, CRUDU, in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

  q. Any and all other breaches that become known through litigation.

34. As a direct and/or proximate cause of Defendant, CRUDU's, negligence, as set forth herein, Plaintiff, LUKE DIALS, suffered the following injuries and damages to wit:

  a. Injury and pain to his neck;

  b. Injury and pain to his shoulders;

  c. Injury and pain to his back;

  d. Injury and pain to his spine;

  e. Sleep disturbances;

  f. Mood changes;

  g. Pain and suffering;

  h. Need for emergency medical treatment;

  i. Need for hospitalization;

  j. Need for therapies;

k. Need for continued medical care, procedures and treatment;

l. Denial of social pleasures and enjoyments;

m. Loss of income and/or earning capacity;

n. Embarrassment, humiliation, and mortification;

o. Emotional distress, anxiety, mental anguish, fright, and shock;

p. Serious impairment of a bodily function pursuant to MCL §500.3135;

q. Permanent serious disfigurement pursuant to MCL §500.3135;

r.  Any and all other damages which may become known throughout the passage of time and/or the course of discovery; and

s.  Any and all other damages allowed under Michigan Law.

35. Prior to the occurrence of this collision, Plaintiff, LUKE DIALS, was a reasonably strong and healthy person who engaged in the normal activities of life.

**WHEREFORE**, Plaintiffs, LUKE DIALS, respectfully requests judgment in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

### COUNT III
### OWNERS LIABILITY PURSUANT TO MCL § 257.401
### DEFENDANT PRESIDENT INC.

36. Plaintiff hereby reincorporates each and every allegation contained in preceding paragraphs of this Complaint as if fully set forth herein.

37. Upon information and belief, Defendant, PRESIDENT INC., was the owner of the 1997 Freightliner semi-truck/trailer that was driven by Defendant, CRUDU.

38. Upon information and belief, Defendant, CRUDU, had the express and/or implied consent and permission of Defendant, PRESIDENT INC. to drive the vehicle at the time of the collision.

39. Defendant, CRUDU operated the vehicle in a negligent and/or grossly negligent manner as set forth in the previous counts of this Complaint and thereby caused injury to Plaintiff, LUKE DIALS.

40. As a direct and proximate result of Defendant CRUDU's negligent and/or grossly negligent actions, Plaintiff, LUKE DIALS, suffered damages as set forth in previous counts of this Complaint.

41. Pursuant to the Owner's Liability Statute, MCL § 257.401, Defendant, PRESIDENT INC., is responsible and liable for damages negligently caused by Defendant, CRUDU.

**WHEREFORE**, Plaintiff, LUKE DIALS, respectfully requests judgment in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT IV
## NEGLIGENT ENTRUSTMENT
## DEFENDANT PRESIDENT INC.

42. Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

43. Defendant, PRESIDENT INC. was the owner of the motor vehicle operated by Defendant, CRUDU on the date, time, and place set forth above.

44. Upon information and belief, Defendant, CRUDU was operating the motor vehicle with the express and/or implied permission and authority and/or knowledge of Defendant, PRESIDENT INC..

45. Defendant, PRESIDENT INC. owed a duty to the general public and specifically to Plaintiff, LUKE DIALS, to not allow his vehicle to be entrusted to an individual who he knows or should know is incompetent and/or unqualified to operate a vehicle with knowledge that such use is likely to result in injuries to others.

46. Upon information and belief, at the time of the entrustment, Defendant, PRESIDENT INC. knew and/or should have known that Defendant, CRUDU was incompetent and/or unqualified to operate the vehicle and/or had knowledge of such facts and circumstances as would imply knowledge on the part Defendant, PRESIDENT INC. of Defendant, CRUDU's incompetence and/or lack of qualification.

47. Upon information and belief, Defendant, PRESIDENT INC. had the opportunity to observe and have knowledge of Defendant, CRUDU's driving practices and history which rendered him incompetent and/or unqualified to operate the motor vehicle.

48. At all times relevant hereto, Defendant, PRESIDENT INC. knew or reasonably should have known that as a result of Defendant, CRUDU's driving practices and history that a crash causing injury was likely to occur, especially to Plaintiff, LUKE DIALS.

49. Upon information and belief, at all times relevant hereto, Defendant, CRUDU was in fact an incompetent driver who negligently operated the motor vehicle owned by Defendant, PRESIDENT INC. as set forth in the previous counts of this Complaint.

50. As a result of Defendant PRESIDENT INC.'s negligent entrustment of his motor vehicle to Defendant, CRUDU, Defendant, CRUDU operated the vehicle in a negligent and/or grossly negligent manner as set forth in previous counts of this Complaint.

51. As a direct and proximate result of the negligent operation of the motor vehicle by Defendant, CRUDU, Plaintiff, LUKE DIALS, suffered damages as set forth in previous counts of this Complaint.

**WHEREFORE**, Plaintiff, LUKE DIALS, respectfully requests judgment in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

**COUNT IV**
***RESPONDEAT SUPERIOR***
**DEFENDANT, PRESIDENT, INC.**

52. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

53. At all times relevant hereto, Defendant, CRUDU was an employee and/or agent, actual or ostensible, of Defendant, PRESIDENT INC., and at the time of the collision, Defendant, CRUDU was acting within the course and scope of his employment with Defendant, PRESIDENT INC.

54. That under Michigan law, Defendant, PRESIDENT INC., is vicariously liable under the doctrine of *respondeat superior* for all negligent acts committed by employee, agent, or ostensible agent, Defendant, CRUDU, when acting within the course and scope of his employment.

55. As a direct and proximate result of the negligence of Defendant, CRUDU, Defendant, PRESIDENT INC., is liable to Plaintiff, LUKE DIALS for the injuries that he suffered resulting from the incident described herein.

**WHEREFORE**, Plaintiff, LUKE DIALS, respectfully requests judgment in his favor and against Defendants, PRESIDENT INC., and VADIM CRUDU, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

        Respectfully submitted,

        CHRISTENSEN LAW

        /s/Nora Y. Hanna, Esq.

        _____
        NORA Y. HANNA (P80067)
        DAVID E. CHRISTENSEN (P45374)
        CHRISTENSEN LAW
        Attorneys for Plaintiff
        25925 Telegraph Road, Suite 200
        Southfield, MI  48033
        (248) 213-4900/Fax (248) 213-4901
        nhanna@davidchristensenlaw.com

Date:  January 26, 2024

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LUKE DIALS,

    Plaintiff,

-vs-

PRESIDENT INC.,
and VADIM CRUDU,

    Defendants.

Case No. 24-   -CV
Hon.

*Jury Trial Demanded*

---

NORA Y. HANNA (P80067)
DAVID E. CHRISTENSEN (P45374)
CHRISTENSEN LAW
Attorneys for Plaintiff
25925 Telegraph Road, Suite 200
Southfield, MI  48033
(248) 213-4900/Fax (248) 213-4901
nhanna@davidchristensenlaw.com

---

## DEMAND FOR TRIAL BY JURY

**NOW COME** Plaintiffs, LUKE DIALS, by and through his attorneys, CHRISTENSEN LAW, and hereby demands a Trial by Jury in the above captioned matter.

Respectfully submitted,

CHRISTENSEN LAW

/s/Nora Y. Hanna, Esq.

NORA Y. HANNA (P80067)
DAVID E. CHRISTENSEN (P45374)
CHRISTENSEN LAW
Attorneys for Plaintiff
25925 Telegraph Road, Suite 200
Southfield, MI  48033
(248) 213-4900/Fax (248) 213-4901
nhanna@davidchristensenlaw.com

Date:  January 26, 2024